In the Matter of ROBERT P. JOHNSON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 7, 1991

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso* for petitioner.

*Thomas Santa Lucia* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Fourth Department, on July 9, 1975, and

has maintained an office for the practice of law in Buffalo, New York. In a petition brought by the Grievance Committee of the Eighth Judicial District, petitioner is charged with the following violations of the Disciplinary Rules of the Code of Professional Responsibility: DR 1-102 (A) (4), engaging in conduct involving fraud and misrepresentation; former DR 1-102 (A) (6), engaging in conduct that reflects adversely on his fitness to practice law; DR 6-101 (A) (3), neglecting a legal matter entrusted to him; DR 7-101 (A) (2), failing to carry out a contract of employment entered into with a client for professional services; DR 7-101 (A) (3), prejudicing or damaging a client during the course of the professional relationship; and DR 7-102 (A) (5), knowingly making a false statement of law or fact.

Following a hearing on those charges, the Referee appointed by this court rendered his written report dated March 19, 1991. Upon motion of petitioner and upon a review of the pleadings and the transcript of the testimony taken at the hearing, we confirm the report and we adopt the findings of the Referee. We conclude that all of the charges alleged in the petition have been sustained.

In late May 1981, the brother of respondent's client met with respondent for the purpose of retrieving documents relating to the client's divorce. During the meeting, respondent handed the brother a sealed envelope, stating, "This is what your brother needs", or words to that effect. A few days after the meeting, the brother drove to Nevada and gave the client the sealed envelope. Upon opening the envelope, the client found a copy of an unsigned, undated, judgment of divorce.

On November 9, 1983, the client married his present wife in a civil ceremony in Las Vegas.

Sometime between April 9, 1983, and May 1984, the client telephoned respondent and told respondent of the civil marriage and said that he was having difficulty having a religious ceremony performed in the Catholic church. During the telephone conversation, respondent did not tell the client that he had not procured a divorce, nor did he take any steps to procure the divorce.

In or around May 1984, the client met with respondent and respondent gave the client a purported copy of a judgment of divorce and told him that the divorce was complete and that he was divorced. The conformed copy of the purported judg-

ment of divorce bore the date of December 10, 1982, and the purported signature of a Supreme Court Justice. Those notations were placed on the copy by respondent sometime before the meeting.

Respondent had not, in fact, performed the legal services necessary to obtain a judgment of divorce and no judgment of divorce had been granted. Thereafter, the client retained substitute legal counsel in both New York and Nevada to obtain a valid divorce and, subsequently, a judgment against respondent was obtained in the amount of $7,500 for the legal expenses in obtaining the divorce. Respondent has made no payments on that judgment.

Respondent is guilty of egregious and inexcusable misconduct which seriously prejudiced his client. Considering all of the circumstances, respondent should be suspended for a period of three years and, thereafter, until further order of the court.

BOOMER, J. P., PINE, BALIO, LAWTON and LOWERY, JJ., concur.

Order of suspension ordered.